IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01510-WDM-MJW

DENISE SOLANO,

Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT'S MOTION FOR LEAVE OF COURT TO FILE AMENDED ANSWER
(Docket No. 30)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

Before the court is the Defendant's Motion for Leave of Court to File Amended Answer (Docket No. 30), which was filed on March 13, 2006. The court has considered the motion, Response (Docket No. 37), and Reply (Docket No. 40), as well as applicable Federal Rules of Civil Procedure and case law and the court's file. The court now being fully informed makes the following findings and recommendation.

On October 14, 2005, this court entered a Scheduling Order which, *inter alia*, set a December 14, 2005, deadline for amendment of pleadings. (Docket No. 7). Almost three months after that deadline, defendant moved to amend its answer to assert the affirmative defenses of primary jurisdiction, failure to exhaust

2

administrative remedies, and the filed rate doctrine.

Since the defendant's motion was made after the deadline for amendment of pleadings, this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required.  Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  **Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief**.
>
> . . .
>
> [If the court finds that the moving party has satisfied the first step in the analysis, the court next] consider[s] whether the [defendant] has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):
>
>> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668, 669 (D. Colo. 2001)

(quotations and citations omitted) (emphasis added).

This court finds that the defendant has **not** satisfied the first step in the analysis as it has not established good cause to extend the time within which it may seek leave to amend the Answer.  Defendant claims in its motion that the new affirmative defenses were "inadvertently omitted."  (Docket No. 30 at 2).  Plaintiff, however, responds that

> [p]rior to the deadline for amendment of pleadings in this case, Defendant had sufficient facts before it to determine whether or not to amend its answer to include the theories on the primary jurisdiction and filed rate doctrines.  It is not attempting to amend its answer now due to the discovery of new evidence or due to a recent change in the law.  Eight months ago American Bankers had knowledge that they might have to provide additional coverage due to a statutory violation (Pl.'s Compl.), and that the appropriate forum to resolve that issue is the trial court.  *See, infra* at 5.

(Docket No. 37 at 2).  In its Reply, defendant again claims that the additional defenses were not included in the original answer "[d]ue to inadvertence," but defendant further claims that "the discovery process brought the inadvertence to light."  (Docket No. 40 at 2 and 3).  Defendant, however, has provided no specifics as to what in particular during the discovery process or when during that process the purported inadvertence was brought to the defendant's attention.

The court notes the defendant's assertion that the first two defenses it seeks to add "may dictate whether the Court has subject matter jurisdiction" . . . and that "[s]ubject-matter jurisdiction, because it involves the Court's power to hear a case, can never be forfeited or waived."  (Docket No. 30 at 2).  Defendant, however, has not established that the court in fact lacks subject-matter jurisdiction over the action

based upon any of these new affirmative defenses.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendant's Motion for Leave of Court to File Amended Answer, which was filed on March 13, 2006 (Docket No. 30), be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 25, 2006            s/Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge