IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01510-WDM-MJW

DENISE SOLANO,

 Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Florida insurance company,

 Defendant.

## ORDER ON VARIOUS MOTIONS

Miller, J.

 This matter is before me on four motions:  (1) Defendant American Bankers Insurance Company of Florida' (American Bankers) motion for summary judgment, filed May 12, 2006; (2) Plaintiff Denise Solano's (Solano) motion for summary judgment, filed the same day; (3) American Bankers' motion to bifurcate, also filed May 12, 2006; and (4) American Bankers' motion to strike, filed June 1, 2006.  I have reviewed the parties' written arguments and their summary judgment evidence and find that oral argument is not required.  For the reasons that follow, the first motion for summary judgment will be granted in part and denied in part, and this case will be administratively closed.  Therefore, the remaining motions will be denied without prejudice to refiling should this case be re-opened.

## Background[1]

On March 2, 2003, Solano was injured in a motor vehicle accident. At the time, she was covered by an automobile insurance policy issued by American Bankers. Since the accident, American Bankers has taken the position that Solano's policy merely provides for the basic personal injury protection (PIP) coverages required by Colorado law at the time. According to Solano, when she purchased her policy, American Bankers never offered her additional personal injury protection options, as they were required to do by law.

As a result, Solano initiated this action against American Bankers, alleging four claims that all stem from American Bankers' alleged failure to offer her additional PIP coverages. In their motion for summary judgment, American Bankers primarily argues that Solano's failure to list this cause of action as an asset in her 2004 bankruptcy petition precludes her from proceeding with this action.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of

---

[1] Unless otherwise noted, the background facts, drawn from the parties' factual statements and supporting evidence, appear to be undisputed.

evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

## Discussion

The parties agree that if Solano's claims had accrued at the time she filed her bankruptcy petition, her claims would be the property of her bankruptcy estate, and only the trustee would have standing to pursue them.[2] *See Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996) (holding that a bankruptcy estate includes "causes of action belonging to the debtor at the commencement of the bankruptcy case"); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 305-308 (holding that the trustee is the real party in interest and has exclusive standing to assert pre-petition claims). Moreover, the parties agree that Solano's claims accrued when she first knew or should have known that American Bankers was refusing to pay her claims as if she had elected an enhanced PIP policy. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1121 (10th Cir. 2005) (finding that claim for failure to offer enhanced PIP benefits accrued at least by the date of the insurance company's last payment of benefits); (*see* Pl.'s Response Br., Docket No. 82, at 4-5).

The parties disagree, however, on the application of these standards to the facts of this case. American Bankers argues that Solano clearly knew or should have known

---

[2] As discussed below, Solano argues that some, but not all of her claims would be excepted from this rule.

about her claims against them prior to filing for bankruptcy. In support, American Bankers points to a letter it received from Solano's attorney the very same day Solano filed for bankruptcy — October 6, 2004. (Letter to American Bankers, Ex. A-3 to Def.'s Motion, Docket No. 51; Bankruptcy Petition, Ex. A-1 to Def.'s Motion, Docket No. 51; *see also* Letter to Solano, attached to Besonday Dep., Ex. A-12 to Def.'s Reply Br. (letter dated May 6, 2004 advising Solano that she was only entitled to limited PIP benefits))[3] In this letter, Solano's attorney references letters that Solano had received from American Bankers, and argues that Solano was entitled to reformation of her contract and enhanced PIP coverage because such coverage was never offered when the policy was purchased. (Letter to American Bankers, Ex. A-3 to Def.'s Motion, Docket No. 51) In response, Solano relies upon her deposition testimony that she did not know at the time of filing that her claim against American Bankers should have been listed as an asset on her bankruptcy petition. (Solano Dep., Ex. S to Pl.'s Reply Br., Docket No. 83, at 52:19-23) Notably however, Solano's deposition testimony does nothing to indicate that, at the time, she thought that American Bankers was going to pay her enhanced PIP benefits. Rather, this testimony merely indicates that Solano did not know she needed to disclose her claims against American Bankers in her bankruptcy filings. Given this, and given the undisputed fact that Solano's attorney

---

[3] That American Bankers produced this last letter for the first time with its reply brief raises the question of whether I should consider it. Were it necessary to decide this issue, I would find consideration of the letter proper, since Solano has neither objected nor asked for leave to file a surreply brief. However, I need not definitively decide this issue since I conclude that, based on the first letter alone, any reasonable factfinder would conclude that Solano knew about her claims prior to filing her bankruptcy petition.

sent the previously-mentioned letter to American Bankers on the same day Solano filed for bankruptcy, any reasonable factfinder would conclude that, prior to her bankruptcy filing, Solano knew or should have known that American Bankers was refusing to pay her enhanced PIP benefits. Therefore, Solano has failed to comply with her duty to disclose her claims in her bankruptcy filings.

Alternatively, Citing *In re Wood*, 643 F.2d 188 (5th Cir. 1980), Solano argues that even if she should have disclosed her other claims, her claims for willful and wanton statutory bad faith under Colo. Rev. Stat. § 10-4-708 need not be disclosed because they are penal in nature. I disagree. In distinguishing between remedial claims — which must be disclosed — and penal claims — which do not — the *Wood* court cited with approval the three-factor test from *Murphy v. Household Finance Corp.*, 560 F.2d 206, 209 (6th Cir. 1977) ("1) whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public; 2) whether recovery under the statute runs to the harmed individual or to the public; and 3) whether the recovery authorized by the statute is wholly disproportionate to the harm suffered."). Applying these factors, I conclude that the treble damages provisions of § 10-4-708 are remedial in nature and thus become the property of the bankruptcy estate. *See also Farmers Group, Inc. v. Williams*, 805 P.2d 419, 427 (Colo. 1991) ("treble damages promote effective enforcement of the ordinance on behalf of the consumer, while punitive damages generally serve to deter the sort of extreme disregard for the rights of others that decent citizens should not have to tolerate") (internal quotations omitted).

As a result, Solano is not permitted to pursue any of her claims in this court, either because she is not the real party in interest, *see e.g., Wieburg*, 272 F.3d at 305-

5

308 (holding that the trustee is the real party in interest and has exclusive standing to assert pre-petition claims) or under a judicial estoppel theory, *see e.g., Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003). Nevertheless, a question remains whether I should simply dismiss her claims, or whether I should stay these proceedings in some fashion to give the bankruptcy trustee an opportunity to intervene.

Some courts reason that in this situation dismissal is necessary to protect the integrity of the bankruptcy process, *see Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing Billups to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them."), or when a plaintiff has had plenty of time to re-open her bankruptcy estate but has failed to do so, *see Bexley v. Dillon Cos.*, No. 04-cv-01661, 2006 WL 758474, at *3-4 (D. Colo. March 23, 2006) (reasoning that this factor along with the speculative nature of creditors' recovery warranted dismissal); *Minne v. Hinkhouse*, No. 05-cv-00325, 2006 WL 467947, at *2 (D. Colo. March 23, 2006) (reasoning that this factor alone warranted dismissal). In contrast, other courts have held that the better alternative is a stay to allow for the possibility of trustee intervention. *See An-Tze Cheng v. K & S Diversified Invs. Inc.*, 308 B.R. 448, 460 (B.A.P. 9th Cir. 2004) ("The fashioning of a judicial estoppel remedy in bankruptcy requires vigilance to the possibility that what looks like a two-party dispute may be complicated by the effect that the result will have on [creditors]."); *Wieburg*, 272 F.3d at 305-309 (holding that trial court abused discretion by dismissing action and failing to explain why a stay allowing for trustee intervention was not the more appropriate

6

alternative); *see also* Fed. R. Civ. P. 17(a) ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest").

Having carefully considered the alternatives, I am persuaded by the reasoning of those courts who have concluded that in consideration of creditors' interests, a stay of some kind is preferable to dismissal. In general, even in cases where the trustee sees little to gain from pursuing the lawsuit, the creditors may benefit from an agreement with the original plaintiff, who will often have a more favorable view of her case. Further, a stay has the additional benefit of allowing the case to be decided upon the merits.

However, since Solano has not yet taken any steps toward re-opening her bankruptcy estate, I will administratively close this action pursuant to D.C.COLO.LCivR 41.2, subject to re-opening for good cause. In this case, if Solano's bankruptcy estate is re-opened, and the trustee either decides to intervene or to assign the claims against American Bankers back to Solano, such actions would likely give rise to good cause.

Accordingly, it is ordered:

1. Defendant's motion for summary judgment, filed May 12, 2006 (Docket No. 51), is granted in part and denied in part.

2. This case is administratively closed pursuant to D.C.COLO.LCivR 41.2, but may be reopened upon any party filing a motion to reopen, on or before September 15, 2007. If no motion to reopen, or motion to extend the deadline is filed by that date, this case shall be dismissed without prejudice without further notice.

3. Plaintiff's motion for summary judgment, filed May 12, 2006 (Docket No. 53), is denied without prejudice as moot.

4. Defendant's motion to bifurcate, filed May 12, 2006 (Docket No. 52), is denied without prejudice as moot.

5. Defendant's motion to strike, filed June 1, 2006 (Docket No. 62), is denied without prejudice as moot.

DATED at Denver, Colorado, on March 13, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge