IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-01510-WDM-MJW

DENISE SOLANO,

    Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

    Defendant.

## ORDER ON MOTION TO REOPEN AND MOTION TO INTERVENE AS PLAINTIFF

Miller, J.

    This matter is before me on the Plaintiff's Motion to Reopen (Docket No. 120) and the bankruptcy trustee's Motion to Intervene as Plaintiff (Docket No. 127). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons set forth below, both motions shall be granted.

### Background

    Plaintiff was involved in a motor vehicle accident on March 2, 2003 during which she sustained injuries. Consequently, on August 9, 2005, Plaintiff brought four actions against Defendant, her automobile insurance company, all stemming from its alleged failure to offer enhanced personal injury protection (PIP) coverage as required by Colorado law. *See* Colo. Rev. Stat. §§ 10-4-707–10. However, Plaintiff did not list her claim against Defendant as an asset on her 2004 bankruptcy petition. Because I

concluded that Plaintiff knew or should have known about the claim against Defendant at the time she filed her bankruptcy petition, I determined that the claim was the property of the bankruptcy estate and, therefore, Plaintiff could not pursue the claim in her own right. Thus, I administratively closed the case, subject to reopening for good cause. *See* Order dated March 14, 2007. I noted that "if [Plaintiff's] bankruptcy estate is re-opened, and the trustee either decides to intervene or to assign the claims against [Defendant] back to [Plaintiff], such actions would likely give rise to good cause." *Id.* at 7. Plaintiff filed a motion to reopen her bankruptcy case on October 11, 2007 claiming that she had mistakenly omitted an asset, the claim against Defendant, and that the "claim may provide a benefit to the creditors of the estate." The next day Plaintiff filed a timely (after two extensions of time) motion to reopen the case (Docket No. 120). After the bankruptcy case was reopened on December 19, 2007, bankruptcy trustee Albert Hoffman ("Trustee") filed a motion to intervene in the case (Docket No. 127).

## Discussion

In her motion to reopen, Plaintiff argues that there is good cause to reopen the instant case because she has filed a motion to reopen the bankruptcy case and that the "anticipated" trustee "expressed an interest" in intervening in the action. Defendant objects to this case being reopened. In support, it argues first that Plaintiff has not shown good cause because, at the time Plaintiff filed her motion, the bankruptcy case had not actually been reopened and the trustee had not affirmatively decided to intervene in the case or to assign the rights to Plaintiff. However, since Defendant filed its response to the motion, the bankruptcy case has been reopened and the trustee has

filed a motion to intervene in the action. I also note that my March 14, 2007 Order only required good cause to reopen and did not require the bankruptcy case be reopened and the trustee indicate a decision to either intervene or assign to reopen the case—the Order merely noted that these factors would likely constitute good cause to reopen. Given the subsequent events in this case and the bankruptcy case, I conclude that there is good cause the reopen the case.

Second, Defendant argues that Plaintiff's motion to reopen the bankruptcy case should be denied because, although Plaintiff states in her motion to reopen the bankruptcy case that reopening is for the benefit of the creditors, she is actually attempting to reopen the bankruptcy case only to pursue this litigation as evidenced by her claim of a 100% exemption in the proceeds of the litigation. This issue, however, was resolved by the bankruptcy judge.[1] The bankruptcy judge determined that the bankruptcy case should be reopened regardless of the claimed exemption and that the merits of the objection were yet to be determined. I also note that the Trustee has objected to the exemption. If the Trustee is right, then the creditors may benefit from this litigation. On the other hand, if the exemption is approved, then Plaintiff will have independent standing to pursue this claim. Therefore, I conclude that Defendant's objection is insufficient to deny Plaintiff's motion to reopen the case.

---

[1] The bankruptcy judge noted that although there is some indication that Plaintiff seeks to reopen the bankruptcy case solely to be able to litigate the claim against Defendant, a bankruptcy court has a duty to reopen a case when it appears that the estate was not fully administered. (*See* Bankruptcy Court Order dated December 19, 2007 submitted as Docket No. 126-2.) The court also noted that if the exemption is determined to be inappropriate, then the creditors may be entitled to a benefit. *Id.*

Finally, Defendant argues that the case should not be reopened because Plaintiff's bankruptcy filings and amendments evidence bad faith and dilatory filing practices. Much of this argument is based on Plaintiff's filing practices in the bankruptcy court rather than this Court. Therefore, as the motion to reopen this case was timely filed, I decline to look to practices in other courts to determine the propriety of reopening this case.

I also conclude that the Trustee's Motion to Intervene (Docket No. 127) should be granted. First, I note that no one has objected to such intervention. I also conclude that intervention of right pursuant to Fed. R. Civ. P. 24(a) is appropriate in this case. "[T]o intervene as a matter of right, [the party moving to intervene] must demonstrate that [the plaintiff] cannot represent its interest adequately, and that the disposition of the action without [the would-be intervenor] will impair [the intervenor's] ability to protects its interest." *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (citing *Kiamichi R.R. Co. v. Nat'l Mediation Bd.*, 986 F.2ed 1341m, 1345 (10th Cir. 1993)). As I have already held, the Trustee has exclusive standing to pursue the current claim. *See* Order dated March 14, 2007 at 5; *Sender v. Simon.*, 84 F.3d 1299, 1305 (10th Cir. 1996) (holding "causes of action belonging to the debtor at the commencement of the bankruptcy case" are part of the bankruptcy case). Therefore, as the litigation cannot proceed without the Trustee as a plaintiff (or assigning rights to Plaintiff, which has not been done), the Trustee's intervention is necessary to protect its interests in the litigation. Furthermore, the Trustee's interest in this litigation is "direct, substantial, and legally protectable." *City of Stilwell v. Ozarks*

*Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) ("To intervene as a matter of right, [the party moving to intervene] must how that it has an interest in the proceedings which is 'direct, substantial, and legally protectable.'" (quoting *Browner*, 9 F.3d 88, 90 (10th Cir. 1993))). Again, as the only party with standing to pursue the claim, the Trustee is the only real party in interest to pursue the claim.

Accordingly, it is ordered:

1. Plaintiff's Motion to Reopen (Docket No. 120) is granted.

2. The Trustee's Motion to Intervene (Docket No. 127) is granted.

3. The case is reopened.


DATED at Denver, Colorado, on April 8, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge