IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01510-CMA-MJW

DENISE SOLANO,

Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

Defendant.

---

**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL
(DOCKET NO. 169)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Compel (docket no. 169). The court has reviewed the subject motion (docket no. 169) and the response (docket no. 171) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 169), Defendant seeks copies of deposition transcripts taken in Plaintiff's bankruptcy case. Defendant argues that it is entitled to such deposition transcripts given their close relationship with this case that involves bad faith insurance coverage and this court's prior ruling that Plaintiff is not a real party to this action. See Solano v. American Bankers Ins. Co. of Florida, 365 B.R. 196, 199 (D. Colo. 2007). Plaintiff argues that the subject motion (docket no. 169) is untimely and

Defendant has failed to meet its burden under Smith v. United States of America, et al., 834 F.2d 166, 169 (10th Cir. 1987). Moreover, Plaintiff argues that the attorney-client privilege applies to the requested depositions and that there has been no waiver of the attorney-client privilege.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That each party has been given a fair and adequate opportunity to be heard;

3. That venue is proper in the state and District of Colorado;

4. That in Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987), the Tenth Circuit indicated that the trial court should consider the following factors in deciding to re-open discovery: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeablility of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence;

5. That the subject motion (docket no. 169) was filed with the court on December 18, 2008, well after the close of discovery;

6. That a Jury Trial is set to be begin on May 4, 2009, at 8:30 a.m.

before Judge Christine M Arguello;

7. That the subject motion is opposed by Plaintiff;

8. That Defendant was not diligent in seeking these deposition transcripts noting that motions for summary judgments are fully briefed and pending before Judge Arguello. It should be noted that these motions for summary judgment have been ripe for ruling as of July 11, 2008. *See* docket nos. 149 and 150;

9. That Plaintiff and Defendant were given more than adequate time to complete discovery in this case, and Defendant has failed to demonstrate to this court why Defendant has waited until well after the discovery deadline to seek such deposition transcripts;

10. That Defendant has failed to demonstrate the likelihood that the requested deposition transcripts would lead to relevant evidence; and,

11. That in balancing the factors as outlined in Smith, supra, I find that Defendant has failed to meet its burden of proof and therefore Defendant's Motion to Compel (docket no.169) should be denied.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion to Compel (docket no. 169) is **DENIED**.

2. That each party shall pay their own attorney fees and costs for this

motion.

Done this 14th day of January, 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE